**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4374**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OCTAVIOUS ARTIS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00302-D-1)

———————

Submitted:  April 22, 2024                     Decided:  June 6, 2024

———————

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Octavious Artis pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, marijuana, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Count 1), and possession with intent to distribute heroin and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2). The district court sentenced him to a total term of 180 months' imprisonment, to be followed by three years of supervised release.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a supplemental brief,* stating that there are no meritorious grounds for appeal but questioning whether the district court erroneously sentenced Artis as a career offender and whether the court erred by imposing a warrantless search condition on Artis' term of supervised release. Artis has filed several pro se supplemental briefs in which he challenges the sufficiency of the factual basis supporting his plea on Count 1; contends that defense counsel rendered constitutionally ineffective assistance during the plea proceedings and at sentencing; and raises various challenges to his career offender designation.

The Government has moved to dismiss the appeal as barred by Artis' waiver of the right to appeal included in the plea agreement. Where, as here, the Government seeks to

---

* In his supplemental pro se brief, Artis complained of a conflict of interest. This court granted Artis' first attorney's motion to withdraw as counsel and appointed new counsel, who adopted the *Anders* brief and filed a supplemental brief. Because the Government filed a renewed motion to dismiss following this additional brief, we deny as moot the Government's earlier-filed motion.

2

enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, "we will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Our review of the plea hearing leads us to conclude that Artis knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable.

Artis' pro se briefs raise several claims that fall outside the appeal waiver's scope, including his challenge to the factual basis for his plea and his ineffective assistance of counsel claims. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). However, we conclude that Artis' guilty plea was supported by an adequate factual basis. As to Artis' ineffective assistance claims, we will reverse on this ground "only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that counsel rendered ineffective assistance, Artis' claims are not cognizable on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

As the Government correctly argues, Artis' remaining challenges to his sentence—including his arguments related to his career offender designation and the conditions governing his supervised release term—fall squarely within the scope of his appeal waiver. In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Artis' valid appeal waiver. We therefore deny as moot the Government's first motion to dismiss, grant the Government's

renewed motion to dismiss in part, and dismiss the appeal as to all issues covered by the waiver.  We otherwise affirm.

This court requires that counsel inform Artis, in writing, of the right to petition the Supreme Court of the United States for further review.  If Artis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Artis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*